UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EDISON GARCIA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>15 TAYLOR, LLC and AARON PAPOWITZ,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 3:17-cv-10891 |

## ℓ [PROPOSED] ORDER AND FINAL JUDGMENT

**WHEREAS**, Plaintiff Edison Garcia ("Plaintiff"), filed the above-captioned class action (the "Action") on behalf of himself and the members of the Class (as defined herein) against 15 Taylor, LLC ("15 Taylor") and Aaron Papowitz ("Papowitz") (collectively, herein, "Defendants"),

**WHEREAS**, Plaintiff, on behalf of himself and the members of the Class, and Defendants, by and through their respective attorneys, entered into and filed a settlement agreement that was executed on December 1, 2017 ("Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement ("Settlement") of the Action;

**WHEREAS**, the Court entered a Preliminary Approval Order ("Preliminary Approval Order") on May 11, 2018, preliminarily approving the Settlement based on the terms and conditions set forth in the Settlement Agreement;

**WHEREAS**, the Preliminary Approval Order conditionally certified for settlement purposes only pursuant to Rule 23 of the Federal Rules of Civil Procedure and Fair Labor Standards Act, the Court conditionally endorsed certification to the following Settlement Classes:

1

    a. The Federal Subclass which included all individuals who have filed consents to join the Action for claims under the FLSA (including without limitation all individuals who timely return a Claim Form containing a consent to join the action) in Massachusetts or another state who worked for Defendants within three years prior to filing their consent to join the Action.

    b. The State Subclass which included all individuals who worked for Defendants in Massachusetts at any time from three years prior to the filing of the Complaint through the date of final court approval of the class action settlement, whether all such work was performed in Massachusetts or another state (such as Connecticut).

**WHEREAS**, the Preliminary Approval Order approved in form and content the Notice Procedures, instructing 15 Taylor to compile and mail to Members of the Settlement Classes packets containing a notice of the Parties' proposed settlement in the revised format submitted to the Court on April 18, 2018 and a Consent to Join and Claim Form;

**WHEREAS**, the Preliminary Approval Order also set August 2, 2018, at 1 p.m. as the date for a hearing (the "Settlement Hearing") to consider whether the Court should grant final approval to the proposed Settlement; and

**WHEREAS**, the Settlement Hearing set for August 2, 2018, at 1:00 p.m. was rescheduled to August 23, 2018 at 11:00 a.m. by Judge Mark G. Mastroianni due to scheduling conflict; and

**WHEREAS**, the Settlement Hearing was held on August 23, 2018, at 11:00 a.m. and all interested persons were given an opportunity to be heard, and the respective Parties appeared by their attorneys of record; and the attorneys for the respective parties were heard in support of the Settlement of the Action for which the Settlement Agreement provides therein; and an opportunity to be heard, or otherwise object, was given to all other persons desiring to be heard as provided in the Notice Procedures;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of the Action and, for the purposes of the Settlement of the Action, Plaintiff, all Class Members, 15 Taylor and Aaron Papowitz.

2. Except for terms defined herein (with the definitions to be applicable to both the singular and the plural forms of each term defined if both such forms are used herein), the Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

3. The Notice was provided to the Class pursuant to and in the manner directed by the Preliminary Approval Order and a full opportunity to be heard has been offered to all settling parties, the Class, each Class Member, and Persons in interest.

4. The form and manner of publication of the Notice adequately satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and applicable law, constituted the most appropriate notice practicable under the circumstances and constituted due and sufficient notice of the Settlement and Settlement Hearing (as defined below) and all other matters referred to in the Notice to all Persons entitled to receive such Notice. It is further determined that all Class Members and their respective heirs, executors, administrators, estates, representatives, agents, predecessors and predecessors in interest, successors and successors in interest, transferees and assigns are bound by this Order and Final Judgment.

5. The Court finds that each of the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to certification of a class for settlement purposes, in that: (a)(1) the class is so numerous that joinder of all members is impracticable; (a)(2) there are questions of law or fact common to the class; (a)(3) the claims or defenses of the Class Representative (as defined below) are typical of the claims or defenses of the Class; (a)(4) the Class Representative will fairly and adequately protect the interests of the Class;

and (b)(3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members.

6. The Action is hereby certified under a Federal Subclass and State Subclass for purposes of the Settlement only pursuant to Rule 23 of the Federal Rules of Civil Procedure.

> **FEDERAL SUBCLASS** – All individuals who have filed consents to join the Action (including without limitation all individuals who timely return a Claim Form containing a consent to join the Action) in any state in the United States and who worked for 15 Taylor in a non-exempt position within three years prior to filing their consent to join the Action.
>
> **STATE SUBCLASS** – All individuals who worked for 15 Taylor in a non-exempt position in Massachusetts, Connecticut or any other state at any time within the period of three years prior to the filing of the initial Complaint in this action through the date of final court approval of the class action settlement.

7. Plaintiff, Edison Garcia is hereby certified as the settlement class representative (the "Class Representative"), and his counsel, Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C as Class Counsel ("Class Counsel"). The Court finds that the Class Representative and Class Counsel have fairly and adequately represented the interests of the Class.

8. The Court finds that the Settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate and in the best interests of the Class and should be approved. The Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Class, on the one hand, and Defendants, on the other hand. Accordingly, the Settlement Agreement and the terms of the Settlement as described in the Settlement Agreement are hereby approved in their entirety, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. The Parties to the Settlement are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement. Plaintiff, all Class Members and

Defendants are hereby bound by the terms of the Settlement as set forth in the Settlement Agreement.

10. The Action is hereby dismissed in its entirety as against Defendants, Plaintiff and all other Class Members on the merits and with prejudice, and without costs to any party as against any party, except as otherwise provided herein.

11. As of the Effective Date of the Settlement, Plaintiff and all Class Members (collectively, the "Releasing Parties") shall release and forever discharge all Released Claims as against any and all of the Released Parties, and the Releasing Parties will be permanently enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claims against any of the Released Parties.

    a. "Released Parties" shall mean: 15 Taylor, LLC, its parents, divisions, subsidiaries, predecessors and successors, and its and their directors, officers, members, fiduciaries, insurers, employees, attorneys and agents (each in their individual and corporate capacities) and Aaron Papowitz, his agents, representatives, assignees, heirs, executors, beneficiaries, insurers, employees, attorneys, agents and trustees (collectively referred to as the "Released Parties"). "Released Parties" shall also mean Garcia and Cinstron-Cruz with respect to any and all claims Defendants could have or have brought against Garcia and Cinstron-Cruz relating their residential tenancy or in association with their employment as set forth more fully in section 11(b).

    b. "Released Claims" shall mean the following:

    **Federal Subclass** - All individuals who join the Action as members of the Federal Subclass shall be deemed to fully, forever, irrevocably and unconditionally release,

remise, and discharge the Released Parties, from any and all suits, actions, causes of action, claims, or demands against the Released Parties or any of them based on putative violations of federal law pertaining to hours of work or payment of wages, including without limitation all claims that were asserted or could have been asserted in the Action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, based on events that occurred or are alleged to have occurred from the beginning of time until the date of the Court order resulting in Final Approval.

**State Subclass** –All individuals of each of the Rule 23 Settlement Classes who do not file a request for exclusion from the settlement shall be deemed to fully, forever, irrevocably and unconditionally release, remise, and discharge the Released Parties from any and all suits, actions, causes of action, claims, or demands against the Released Parties or any of them based on putative violations of Massachusetts General Laws Ch. 149, §§ 148 & 150, and Ch. 151, §§ 1A & 1B, or any state or local law pertaining to hours of work or payment of wages, or related common law claims, including without limitation all claims that were asserted or could have been asserted in the Action, or based on the allegations in the Action, regarding events that occurred or are alleged to have occurred from the beginning of time until the date of the Court order resulting in Final Approval

**Garcia and Cinstron-Cruz** - Agree, on behalf of themselves and their heirs, executors, administrators, successors, assigns, agents, attorneys, and representatives and all other persons who could assert a claim based upon their relationship and/or dealings with Defendants in any way relating to the Premises, that by signing this Agreement and accepting the Claim Amount(s) and Service Payment(s) to be provided in accordance with this Agreement, they unconditionally and forever waive and release their rights to assert

any form of legal claim against the Released Parties whatsoever of and from any and all debts, complaints, claims, charges, liabilities, claims for relief, demands, arbitrations, lawsuits, actions or causes of action for any alleged action, inaction or circumstance existing or arising from the beginning of time through the Effective Date (the "Released Claims") in relation to their residency at the Premises. This general waiver and release herein is intended to bar any form of legal claim, charge, complaint or any other form of action against the Released Parties seeking any form of relief including, without limitation, equitable relief (whether declaratory, injunctive or otherwise), the recovery of any damages or any other form of monetary recovery whatsoever (including, without limitation, back pay, front pay, compensatory damages, emotional distress damages, punitive damages, attorneys' fees and any other costs) against the Released Parties, for any alleged action, inaction or circumstance existing or arising through the Effective Date relating to their residency at the Premises. Without limitation, Garcia and Cinstron-Cruz specifically waive and release, to the fullest extent permitted by law, the Released Parties (1) from any and all claims (a) arising from or related to their employment relationship with the Defendants and/or any Released Parties or the termination thereof, and (b) the Premises, and (2) from any and all claims arising from their employment relationship or residency at the Premises under any federal, state or local law or statute, including, but not limited to, claims, actions, causes of action or liabilities arising under Title VII of the Civil Rights Act, the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act (ADA); the Family and Medical Leave Act (FMLA); and/or any other federal, state, municipal, or local employment statutes or ordinances; and/or claims, actions, causes of action or liabilities arising under any other federal, state, municipal, or

local statute, law, ordinance or regulation; and/or any other claim whatsoever including, but not limited to, claims for severance pay, breach of contract, wrongful termination, defamation, intentional infliction of emotional distress, tort, personal injury, invasion of privacy, violation of public policy, negligence and/or any other common law, statutory, contract, tort, or other claim; and/or any claims for attorneys' fees), up to and including the Effective Date. Notwithstanding the foregoing, this section does not release Defendants from any obligation expressly set forth in this Agreement or from any obligation, including without limitation, obligations under the Workers Compensation laws, which as a matter of law cannot be released; or prohibit them from filing a charge with the Equal Employment Opportunity Commission ("EEOC") or participating in an investigation or proceeding by the EEOC or comparable state or local agency. This section does, however, intend to operate as a complete bar to any recovery or personal benefit by or to Garcia or Cinstron-Cruz with respect to any claim whatsoever, including those raised through a charge with the EEOC. Defendants agree to unconditionally and forever waive and release their rights to assert any form of legal claim against Garcia or Cinstron-Cruz whatsoever of and from any and all debts, complaints, claims, charges, liabilities, claims for relief, demands, arbitrations, lawsuits, actions or causes of action for any alleged action, inaction or circumstance existing or arising from the beginning of time through the Effective Date in relation to their residency at the Premises or in association with their employment with, or by, Defendants. This general waiver and release herein is intended to bar any form of legal claim, charge, complaint or any other form of action against the Garcia or Cinstron-Cruz seeking any form of relief including, without limitation, equitable relief (whether declaratory, injunctive or otherwise), the recovery of

any damages or any other form of monetary recovery whatsoever (including, without limitation, back rental payments, payments which could be sought pursuant to M.G.L. c. 186, § 15B, compensatory damages, emotional distress damages, punitive damages, attorneys' fees and any other costs) against the Garcia or Cinstron-Cruz, for any alleged action, inaction or circumstance existing or arising through the Effective Date relating to their residency at the Premises or employment with, or by, Defendants. Without limitation, Defendants specifically waive and release, to the fullest extent permitted by law, Garcia or Cinstron-Cruz (1) from any and all claims (a) arising from or related to their employment relationship with the Defendants or the termination thereof, and (b) the Premises, and (2) from any and all claims arising from their employment relationship or residency at the Premises under any federal, state or local law or statute and/or claims, actions, causes of action or liabilities arising under any other federal, state, municipal, or local statute, law, ordinance or regulation; and/or any other claim whatsoever including, but not limited to, breach of contract, wrongful termination, defamation, intentional infliction of emotional distress, tort, personal injury, invasion of privacy, violation of public policy, negligence and/or any other common law, statutory, contract, tort, or other claim; and/or any claims for attorneys' fees), up to and including the Effective Date. Notwithstanding the foregoing, this section does not release Garcia or Cinstron-Cruz from any obligation expressly set forth herein. This section does, however, intend to operate as a complete bar to any recovery or benefit by or to Defendants with respect to any claims whatsoever connected with their employment with Defendants and/or residency at the Residence.

c. "Unknown Claims" means claims arising out of facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by this Agreement, as to any of the Released Claims, as specifically defined above, so that each Settlement Class Member shall be deemed to have expressly waived any and all Unknown Claims relating to any matter covered by this Agreement to the full extent permitted by law, and to the full extent of claim preclusion and res judicata protections.

12. Plaintiff's Counsel are hereby awarded attorneys' fees and expenses in the aggregate sum of $ 32,435.25 in connection with the Action, which amounts the Court finds to be fair and reasonable. Such amounts shall be paid pursuant to the provisions of the Settlement Agreement.

13. The Class Representative is hereby awarded a representative stipend in the sum of $ 6,000.00 in connection with her service as the Class Representative in the Action, which amounts the Court finds to be fair and reasonable. Such amounts shall be paid pursuant to the provisions of the Settlement Agreement.

14. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

15. This Order and Final Judgment shall not constitute any evidence, or an admission by any of the Released Parties, that any acts of wrongdoing have been committed or not been committed and shall not be deemed to create any inference that there is any liability or lack of liability on the part of any of the Released Parties.

16. The Court reserves jurisdiction, without affecting the finality of this Order and Final Judgment, over the enforcement, effectuation and administration of the Settlement.

17. The Action is dismissed with prejudice on the merits as to Defendants.

18. The Court hereby directs that this Order and Final Judgment be entered by the Clerk of the Court on October 4, 2018, to allow compliance with the 90-day notice to the U.S. Attorney General under the provisions of the Class Action Fairness Act of 2005.

19. In the event that the Effective Date of the Settlement does not occur, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and this Order and Final Judgment shall be vacated. In such event, all orders entered in connection with the Settlement shall be void, and the Class shall be decertified. In such event, the Parties shall be restored, without prejudice in any way, to their respective positions prior to execution of the Settlement Agreement and its predecessor document, the memorandum of understanding.

Dated: October 4, 2018

BY THE COURT:

_[signature]_